NUMBERS 13-09-00672-CR &

                                                       
13-09-00673-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



VERNON HEMPHILL,                                                                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                
Appellee.

 

 



On appeal from the 117th District
Court

of Nueces County, Texas.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Perkes

Memorandum Opinion by Chief Justice
Valdez

 

            In appellate cause number
13-09-00672-CR, appellant, Vernon Hemphill, was charged by information with
unlawful possession of less than one gram of a controlled substance, a
state-jail felony.  See Tex.
Health & Safety Code Ann. § 481.115(a)-(b) (Vernon 2010).  In
appellate cause number 13-09-00673-CR, Hemphill was charged by indictment with
unlawful possession of a controlled substance with intent to deliver, a
second-degree felony.  See id. § 481.112(a), (c) (Vernon 2010).  Pursuant
to agreements with the State, Hemphill pleaded “guilty” to:  (1) the offense of
unlawful possession of less than one gram of a controlled substance in
appellate cause number 13-09-00672-CR; and (2) the lesser-included offense of
unlawful possession of more than one gram but less than four grams of a
controlled substance, a third-degree felony, in appellate cause number
13-09-00673-CR.  See id. § 481.115(a), (c).  The trial court accepted
Hemphill’s pleas, sentenced him to two years’ confinement in appellate cause
number 13-09-00672-CR and seven years’ confinement in appellate cause number
13-09-00673-CR, suspended the sentences, and placed him on community
supervision for a period of four years.

            While Hemphill was on community
supervision, the State filed a motion to revoke Hemphill’s community
supervision in both cause numbers, alleging that he had violated several
provisions of his community supervision.[1] 
Hemphill pleaded “true” to all of the allegations contained in the State’s
motions to revoke.  The trial court accepted Hemphill’s pleas and revoked his
community supervision.  The trial court sentenced Hemphill to:  (1) a two-year
term of confinement and ordered him to pay $120 in court costs in appellate
cause number 13-09-00672-CR; and (2) seven years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice and ordered him to pay
$120 in court costs in appellate cause number 13-09-00673-CR.  The sentences
imposed in the two cases were ordered to run concurrently with one another.  Hemphill
subsequently filed motions for new trial in both cases, which were overruled by
operation of law.  See Tex. R.
App. P. 21.8(a), (c).  These appeals followed.[2]

Hemphill’s appellate counsel,
concluding that there are Ano arguable grounds for reversal,@ filed an Anders brief in each
case, in which he reviewed the merits, or lack thereof, of the appeals.  We
affirm.

I.             
Anders Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), Hemphill’s court‑appointed appellate counsel
has filed briefs with this Court, stating that his review of the record yielded
no grounds or error upon which an appeal in either cause number can be
predicated.  Although counsel=s briefs do not advance any arguable grounds of error, it
does present a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced in either appeal.  See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (AIn Texas, an Anders brief need
not specifically advance >arguable= points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.@) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.BCorpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503,
510 n.3 (Tex. Crim. App. 1991).  

In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Hemphill’s counsel has
carefully discussed why, under controlling authority, there are no errors in
the trial court's judgments.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance in either appeal,
(2) served a copy of the briefs and counsel=s motions to withdraw on Hemphill,
and (3) informed Hemphill of his right to review the record and to file a pro
se response in both matters.[3] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and Hemphill has not filed a pro se response in either case. 
See In re Schulman, 252 S.W.3d at 409.

II.           
Independent Review

Upon receiving an Anders
brief, we must conduct a full examination of all the proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's briefs and have found
nothing that would arguably support an appeal in either matter.  See Bledsoe
v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in
the briefs and reviewed the record for reversible error but found none, the
court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.@); Stafford, 813 S.W.2d at
509.  Accordingly, we affirm the judgments of the trial court.

III. Motion
to Withdraw

 

In accordance with Anders,
Hemphill’s attorney has asked this Court for permission to withdraw as counsel
in both cases.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.BDallas 1995, no pet.) (AIf an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.@) (citations omitted)).  We grant
counsel=s motions to withdraw.  Within five
days of the date of this Court=s opinion, counsel is ordered to send a copy of the opinion
and judgment in each case to Hemphill and advise him of his right to file petitions
for discretionary review.[4] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).     

                                                                                    _________________

Rogelio
Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

27th day of January, 2011.









[1] In its motions
to revoke, the State alleged that Hemphill violated his community supervision
by failing to complete his outpatient substance abuse aftercare program and
testing positive for, among other things, tetrahydrocannabinol and cocaine.

 





[2] In appellate
cause number 13-09-00672-CR, the trial court, on November 3, 2009, noted that
Hemphill had waived his right to appeal his conviction and sentence.  However,
in appellate cause number 13-09-00673-CR, the trial court, on September 3,
2008, certified Hemphill’s right to appeal.  Given these certifications,
Hemphill’s appellate counsel filed motions with this Court, which were carried
with the cases, requesting that we permit him to appeal his conviction and
sentence in both appellate cause numbers.  At this time, we GRANT Hemphill’s
motions to permit appeals in both cases. 





[3]
The Texas Court of Criminal Appeals has held that Athe pro se response need not comply with the
rules of appellate procedure in order to be considered.  Rather, the response
should identify for the court those issues which the indigent appellant
believes the court should consider in deciding whether the case presents any
meritorious issues.@  In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.BWaco
1997, no pet.)).





[4] No substitute
counsel will be appointed.  Should Hemphill wish to seek further review of
these cases by the Texas Court of Criminal Appeals, he must either retain an
attorney to file petitions for discretionary review or file pro se petitions
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.